# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

ALVIN GREEN,

    Petitioner,

vs.                                        Case No. 4:05cv483-SPM/WCS

FLORIDA DEPARTMENT OF CORRECTIONS,

    Respondent.

_____/

## REPORT AND RECOMMENDATION TO DISMISS § 2254 PETITION

    Petitioner filed a 28 U.S.C. § 2254 petition dated October 12, 2005. Doc. 1 and attached brief, p. 10. He was directed to file an amended petition bearing an original signature, and either pay the $5.00 fee or submit an in forma pauperis application. Doc. 4. Petitioner paid the fee, and filed an amended petition. Doc. 6. The case was then transferred to this division for further proceedings. Doc. 7.

    There is a one year limitations period for filing a § 2254 petition. 28 U.S.C. § 2244(d)(1). The period generally runs from "the date on which the judgment became

final by the conclusion of direct review or the expiration of the time for seeking such review," though there are later commencement dates.[1]

The limitations period is tolled for the time during which a "properly filed" application for relief is pending in state court. § 2244(d)(2). The time period may be equitably tolled, but only on a showing of "both extraordinary circumstances and due diligence." Diaz v. Secretary for Dep't of Corrections, 362 F.3d 698, 701 (11th Cir. 2004) (also noting that, "[b]ecause of the difficult burden, this Court has rejected most claims for equitable tolling.") (collecting cases).

According to the amended petition, judgment was entered on September 10, 2003, and Petitioner did not appeal. Doc. 6, pp. 1-2; doc. 1, pp. 2-3.[2] His conviction therefore became final on October 10, 2003, when the time for filing a direct appeal expired. See Fla.R.App.P. 9.140(b)(3) (allowing 30 days from rendition of a written order imposing sentence). Petitioner filed a Fla.R.Crim.P. 3.850 motion on March 15,

---

[1] The limitations period runs from the latest of specified dates, which also include (in addition to that quoted above): the date on which an unconstitutional impediment which prevented the applicant from filing is removed; the date on which the right asserted was initially recognized by the Supreme Court and made retroactive on collateral review; and the date on which the factual predicate for the claim could have been discovered by due diligence. § 2244(d)(1)(A)-(D). There is no support for application of a later date in the petition or memorandum.

[2] The first page of the initial petition is marked page two; the court references the page number appearing on the upper right corner of the page. While the order directing amendment advised that the amended petition would replace the initial petition, doc. 4, p. 1, the court refers to the initial petition for clarification. For example, in the initial petition Petitioner did not answer question 8, "[d]id you appeal from the judgment of conviction?", doc. 6, p. 2, but in the initial petition he checked "no" as the answer to this question. Doc. 1, p. 3.

Case No. 4:05cv483-SPM/WCS

2005. Doc. 6, p. 2. It was denied and the denial affirmed on September 15, 2005. Doc. 6, p. 3; doc. 1, p. 8.[3]

The Rule 3.850 motion was filed within two years after the judgment became final and was therefore timely under Florida law, but it was filed after the one year limitations period of § 2244(d) had already expired. As there was no time left on the one year period to toll, the § 2254 petition is untimely. Tinker v. Moore, 255 F.3d 1331, 1333-35 and n. 4 (11th Cir. 2001), *cert. denied*, 534 U.S. 1144 (2002) (also involving a Florida prisoner who timely filed a Rule 3.850 motion within the two years allowed by that rule, but the one year of § 2244(d) had already expired);[4] Jackson v. Secretary for the Dep't of Corrections, 292 F.3d 1347, 1348-49 (11th Cir. 2002) (*citing* Tinker on this point; holding that timeliness may be raised *sua sponte*).

In the initial petition, Petitioner attempted to explain why his petition was not time barred. Doc. 1, p. 14.[5] He said that he attempted to exhaust state remedies first, that he is a layman to law, and had to find assistance. *Id.* He said that he did not know the procedures and this should constitute due diligence. *Id.* Petitioner has not shown any

---

[3] Petitioner asserts as grounds for § 2254 relief the trial court's failure to attach, to the order denying his Rule 3.850 motion, the portions of the record refuting his ineffective assistance of counsel claims. Doc. 6, pp. 4-5. The ineffective assistance claims are set forth in Petitioner's memorandum. Doc. 6, attachment. It is noted that an alleged defect in the collateral proceeding does not state a claim for habeas corpus relief. Quince v. Crosby, 360 F.3d 1259, 1261-62 (11th Cir. 2004), *citing* Spradley v. Dugger, 825 F.2d 1566, 1568 (11th Cir. 1987) (other citations omitted).

[4] The court "remind[ed] petitioners that a properly and timely filed petition in state court *only tolls the time remaining* within the federal limitation period."). 255 F.3d at 1335, n. 4 (emphasis added).

[5] This was in response to a question on the form, which was not the same form used in this district and used by Petitioner in filing the amended petition.

extraordinary circumstances which prevented him from timely filing despite due diligence, and is not entitled to equitable tolling. Diaz, 362 F.3d at 700-701 (and cases cited).[6]

It is therefore respectfully **RECOMMENDED** that the § 2254 petition, challenging Petitioner's conviction and sentence out of the Circuit Court in and for Leon County, be **SUMMARILY DISMISSED** as untimely.

**IN CHAMBERS** at Tallahassee, Florida, on January 23, 2006.


 S/      William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

---

[6] In the cases cited, reliance on counsel's miscalculation of the period or even negligence was found insufficient to justify equitable tolling.

Case No. 4:05cv483-SPM/WCS